UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3M COMPANY<br><br>        Plaintiff,<br><br>v.<br><br>ASMAD SARGURH<br>d/b/a CLASSIC 99¢ STORE<br><br>        Defendant. | CV 05 2351<br>Ross, J.<br>Gold, M.J.<br><br>**CONSENT JUDGMENT AND**<br>**PERMANENT INJUNCTION** |

  Plaintiff 3M Company ("3M") filed its Complaint on May 16, 2005 against Defendant Asmad Sargurh d/b/a Classic 99¢ Store ("Defendant"). In the Complaint, 3M set forth its exclusive ownership of the federally registered trademark POST-IT® in connection with a variety of products including stationery notes, its exclusive ownership of the federally registered trademark POST-IT and Fan Design in connection with a variety of products including stationery notes, its exclusive ownership of the federally registered trademark the color Canary Yellow as applied to stationery notes, its exclusive ownership of trademark rights in the Super Sticky Logo that appears on 3M's POST-IT® Super Sticky Notes, and its exclusive ownership of the trade dress of POST-IT® Super Sticky Notes. In the Complaint 3M alleged trademark infringement and counterfeiting, unfair competition, trademark dilution, and deceptive trade practices in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125 and the laws of the State of New York based on Defendant's selling counterfeit stationery notes under the designation "Post Super Sticky Notes."

  On May 16, 2005, 3M filed an *ex parte* application for, among other things, a Temporary Restraining Order and an Order to Show Cause for a Preliminary Injunction based on

Defendant's violation of 3M's federally registered trademarks under 15 U.S.C. § 1114. On May 17, 2005, the Court granted 3M's application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction and issued an Order temporarily enjoining and restraining Defendant from, among other things, (i) selling "Post Super Sticky Notes" and any other products infringing 3M's federally registered trademarks, (ii) destroying or disposing of the counterfeit merchandise or any records relating thereto, and (iii) notifying the supplier of the counterfeit merchandise. The Court further ordered the Defendant to attend a hearing on May 25, 2005 to show cause why a preliminary injunction should not be entered against Defendant. Defendant was properly served, on May 17, 2005, with the Summons, Complaint, and the Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction.

Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDER, ADJUDGED, AND DECREED:

1.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction under 28 U.S.C. § 1367. The Claims alleged in the Complaint arise under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and the laws of the State of New York. Venue is proper in this District under 28 U.S.C. § 1391.

2.  3M is the exclusive owner of the famous trademark POST-IT® in connection with a variety of products including, without limitation, stationery notes, printed notes, trays for holding stationery notes, adhesive tape, cover-up tape, tape flags, computer software, easel pads, and other home and office-related products, which it has been using continuously and

exclusively for over twenty five years. 3M is the owner of at least seven United States registration for its POST-IT® trademark including: incontestable Registration No. 1,046,353; incontestable Registration No. 1,198,694; incontestable Registration No. 1,208,297; incontestable Registration No. 1,284,295; incontestable Registration No. 1,935,381; incontestable Registration No. 2,012,212; and Registration No. 2,736,421. 3M's POST-IT® trademark, and registrations therefor, are valid, subsisting, and enforceable.

3. In at least as early as 1999, 3M adopted and began using the POST-IT and Fan Design mark. 3M is the owner of at least four United States registrations for the POST-IT and Fan Design mark including: Registration No. 2,402,722; Registration No. 2,402,723; Registration No. 2,371,084; and Registration No. 2,372,832. 3M's POST-IT and Fan Design mark, and registrations therefor, are valid, subsisting, and enforceable.

4. 3M is the exclusive owner of trademark rights in the distinctive color Canary Yellow as applied to stationery notes and is the owner of United States Registration No. 2,390,667 for the distinctive color Canary Yellow as applied to stationery notes. 3M's Canary Yellow color trademark, and registration therefor, is valid, subsisting, and enforceable.

5. In 2003, 3M introduced POST-IT® Super Sticky Notes, a line of stationery notes that features an adhesive back that easily adheres to hard-to-stick surfaces. At that time, 3M adopted and began using the logo featuring the designation "Super Sticky Notes" placed atop a distinctive purple background (the "Super Sticky Logo"). Given the widespread promotion and extensive sales of POST-IT® Super Sticky Notes, the Super Sticky Logo has become distinctive and associated with 3M in the mind of the trade and the public, and is recognized and relied upon as identifying the goods of 3M and distinguishing 3M's goods from the goods of others.

6.  3M created distinctive packaging for POST-IT® Super Sticky Notes incorporating, among other elements, the POST-IT and Fan Design mark and the Super Sticky Logo (the "Super Sticky Notes Trade Dress"). The Super Sticky Notes Trade Dress is inherently distinctive and non-functional and serves to identify 3M as the source of stationery notes sold under the Super Sticky Notes Trade Dress. Based on 3M's widespread sale and promotion of the POST-IT® Super Sticky Notes, the Super Sticky Notes Trade Dress has acquired even greater distinctiveness and strongly identifies and distinguishes 3M's stationery notes from goods sold by other parties.

7.  Defendant Asmad Sargurh owns and operates a retail store located in Corona, New York called Classic 99¢ Store at which he sells a variety of products including office and school supplies.

8.  Defendant has been knowingly selling stationery notes bearing marks identical with and substantially indistinguishable from 3M's trademarks and trade dress identified above, a photograph of which is attached hereto as Exhibit A (the "Post Super Sticky Notes").

9.  3M did not manufacture the Post Super Sticky Notes nor did 3M authorize Defendant to sell Post Super Sticky Notes.

10. Defendant admits that the Post Super Sticky Notes he has been selling bear the mark POST, which is confusingly similar to and substantially indistinguishable from 3M's POST-IT® trademark, a fan design (the "Fan Design") that is confusingly similar to and substantially indistinguishable from the POST-IT and Fan Design mark, 3M's Canary Yellow trademark, 3M's Super Sticky Logo, and many elements of the Super Sticky Notes Trade Dress.

11. Defendant admits that the Post Super Sticky Notes are counterfeits of authentic POST-IT® stationery notes and infringe upon 3M's trademarks and trade dress identified above.

4

12. Defendant admits that consumers are likely to be confused into thinking that Post Super Sticky Notes are from 3M or endorsed by or affiliated with 3M.

13. Defendant admits that he has infringed 3M's trademark and trade dress rights identified above.

14. Defendant represents that he has sold no more than __6__ individual packages of Post Super Sticky Notes.

15. Defendant represents that he has made an accounting to 3M amounting to __$/.80__ which represents all profits Defendant derived from the sale of Post Super Sticky Notes.

16. Defendant represents that he has surrendered to 3M all Post Super Sticky Notes in his possession, custody, or control.

17. Defendant represents that he has surrendered to 3M all records in his possession, custody, or control documenting or relating to the manufacture, importation, supply, purchase, distribution, offering for sale, sale, or receipt of Post Super Sticky Notes.

18. Defendant, his officers, agents, servants, employees, representatives attorneys and assigns, and all others in active concert or participation with them or with the Classic 99¢ Store in Corona, New York, are permanently enjoined and restrained from:

    (a) Importing, shipping, delivering, disposing of, supplying, advertising, offering for sale, selling, distributing, transferring or otherwise exploiting the "Post Super Sticky Notes" product; and

    (b) Importing, shipping, delivering, disposing of, supplying, advertising, offering for sale, selling, distributing, transferring or otherwise exploiting any other products bearing a counterfeit, copy, infringing, or substantially indistinguishable designation of one or more of 3M's trademarks including POST-IT, POST-IT and Fan Design, the distinctive color

5

Canary Yellow as applied to stationery notes, Super Sticky Logo, and/or Super Sticky Notes Trade Dress trademarks; and

(c) Using the designations Post, the Fan Design, Post Super Sticky Notes, and any other designation identical with, substantially indistinguishable from, infringing of, or confusingly similar to 3M's trademarks including POST-IT, POST-IT and Fan Design, the distinctive color Canary Yellow as applied to stationery notes, the Super Sticky Logo, and the Super Sticky Notes Trade Dress alone or in combination with other words or designs, as a trademark, counterfeit, service mark, trade name component, title, Internet domain name, or otherwise, to market, advertise, or identify products or services; and

(d) Doing any other act likely to induce the mistaken belief that 3M is the source of products that are not products actually offered by 3M; and

(e) Otherwise infringing 3M's trademarks; and

(f) Unfairly competing with 3M in any manner whatsoever; and

(g) Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of 3M's marks, symbols, logos, labels, trade dress, or forms of advertisement; and

(h) Committing any other act or making any other statement that infringes 3M's trademarks or constitutes an act of trademark infringement or counterfeiting, trademark dilution, unfair competition, or deceptive trade practices under federal law or the laws of the State of New York; and

(i) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (h).

19. In the event any third party offers to sell Defendant, or any person employed at Defendant's Classic 99¢ Store, Post Super Sticky Notes or any product that appears to be counterfeit POST-IT® merchandise, Defendant or such employee shall purchase a reasonable quantity of such counterfeit merchandise (up to $100 worth of merchandise, which will be reimbursed to the Defendant by 3M) attempt to obtain an invoice, receipt, or other written record documenting the sale of the counterfeit merchandise and the party selling such counterfeit merchandise, attempt to obtain the name of and contact information for the individual selling the counterfeit merchandise, immediately notify 3M's counsel of Defendant's purchase of the counterfeit merchandise, immediately deliver the counterfeit merchandise Defendant purchased to 3M's counsel along with the written record, if any, relating to such purchase, and information about the identity of the seller, if any.

20. In the event Defendant breaches any term of this Consent Judgment and Permanent Injunction, or otherwise infringes 3M's trademark or trade dress rights, 3M shall be entitled to ~~move before this Court for~~ injunctive relief, damages, ~~and~~ profits, and ~~Defendant shall pay 3M's~~ reasonable attorneys' fees and costs incurred as a result of Defendant's infringement and/or breach, including investigative costs incurred in the discovery of Defendant's infringement and/or breach.

21. This Court retains jurisdiction over this action to enforce the terms of this Consent Judgment and Permanent Injunction.

7

22. The Permanent Injunction shall remain in full force and effect until modified by order of this Court.

**IT IS SO ORDERED**

_____
United States District Judge

Dated: New York, New York
May 24 2005

## CONSENT TO ENTRY

The parties hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction as set forth herein and consent to entry thereof.

Dated: May 18, 2005          **FISH & RICHARDSON P.C.**

By: _____
David Francescani (DF 9701)
Stacy Grossman (SG 5590)
Raymond R. Castello (RC 2106)
FISH & RICHARDSON P.C.
Citigroup Center – 52nd Floor
153 East 53rd Street
New York, NY 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

ATTORNEYS FOR 3M COMPANY

Dated: May 18, 2005          ASMAD SARGURH d/b/a
CLASSIC 99¢ STORE

_____